# EXHIBIT 55

# FASKEN

**Fasken Martineau DuMoulin LLP**
Barristers and Solicitors
Patent and Trade-mark Agents

55 Metcalfe Street, Suite 1300
Ottawa, Ontario  K1P 6L5
Canada

T +1 613 236 3882
+1 877 609 5685
F +1 613 230 6423

fasken.com

January 16, 2020

**Peter N. Mantas**

Direct  +1 613 696 6886
pmantas@fasken.com

Of the Bars of Ontario and New York

*VIA E-MAIL*

Mark Kirsch, Esq.  (mkirsch@gibsondunn.com**)**
Patrick Hayden, Esq.  (phayden@gibsondunn.com**)**
Elizabeth Papez, Esq.  (epapez@gibsondunn.com)
Gibson, Dunn & Crutcher
200 Park Avenue
New York, NY 10166

*Re:*      ***Export Development Canada v. HNB Investment Corp. and National Railroad
Passenger Corporation (a.k.a. Amtrak) , Court File No. 18-75823 (Ontario Court of
Justice) – Requested Clarification to Demand Letter***

Dear Messrs. Kirsch & Hayden and Ms. Papez:

As you know, we act as legal counsel to Export Development Canada ("*EDC*"), as lender and
guarantor, and special counsel to M&T Bank, as indenture trustee (the "*Indenture Trustee*") , in
respect to the above-referenced matters.

Reference is made to my letters to you, dated December 19 and 20, 2019 (the "*Demand Letter*"),
that sets forth our demand for your clients to (a) amend their recently filed complaint to comply
with the standstill consented to by the parties and approved by the Ontario Court and (b) comply
with the terms of the Indenture.  Capitalized terms used and not otherwise defined herein shall
have the meanings ascribed to such terms in the Demand Letter.

Part C of the Demand Letter sets forth EDC's demand that all Lease notices of default and
notices of events of default be rescinded and withdrawn as being in violation of Section 6.10(d)
of the Indenture.  Under Indenture Section 6.10(d), so long as any debt under the Indenture
remains outstanding, the Indenture Trustee is the sole entity that has the right (and "to the
exclusion of the Owner Trustee and the Owner Participant") to "declare the Lease to be in
default" or "exercise remedies" under Section 13.2 of the Lease.  This letter provides you with a
delineation of which specific notices should be rescinded and withdrawn.  In this regard, we have
referenced the exhibits annexed to your Complaint to identify the universe of the letters that may
be subject to our demand and have assumed that the documents and correspondence attached to
the Complaint constitute the full universe of applicable documents.  To the extent that there are
other notices subject to the scope of Indenture Section 6.10(d)'s mandate, we reserve our right to

# FASKEN

separately pursue at a later date the rescission and withdrawal of any such omitted notices. We believe that the following are the notices that should be rescinded and withdrawn as being in violation of Section 6.10(d) of the Indenture:

- The Notice of Lease Default, dated September 7, 2017, issued by Wilmington Trust Company, as owner trustee, to National Railroad Passenger Corporation, as lessee;

- The Notice of Lease Event of Default, dated December 15, 2017, issued by Wilmington Trust Company, as owner trustee, to National Railroad Passenger Corporation, as lessee; and

- The Notice of Default, dated November 7, 2019, issued by Wilmington Trust Company, as owner trustee, to National Railroad Passenger Corporation, as lessee.

Please immediately withdraw and rescind such notices of defaults and events of default under the Lease.

Further, we do not believe that there is an overlap between (a) the Canadian Stay and the Standstill Agreement, on the one hand, and (b) the requirements of Indenture Section 6.10(d), on the other hand. Both are separate, as applicable, contracts and/or orders that govern the relationships between the parties subject thereto. In this regard, although Section 6.10(d) of the Indenture prevents the Owner Trustee from issuing notices of default or events of default under the Lease, the Owner Trustee and Owner Participant are able to seek declaratory relief as to whether a default or event of default is in existence under the Lease. In fact, the Standstill Order, as approved by the Ontario Court, expressly contemplates the Owner Trustee and Owner Participant pursuing such a declaratory action. Please ensure that your Complaint is revised so as to comply with the restrictions of Section 6.10(d) of the Indenture.

We look forward to your forthcoming response to the Demand Letter.

Yours truly,

**FASKEN MARTINEAU DuMOULIN LLP**

Peter N. Mantas

*Cc:   Michael Edelman, Vedder Price*
*      Mark Landman, Landman Corsi Ballaine & Ford P.C.*